T.C. Memo. 2010-136

UNITED STATES TAX COURT

ENMED, LLC d.b.a. QUALITY HOME HEALTH AGENCY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17142-08L.                    Filed June 22, 2010.

Johnny Rhondo (manager), for petitioner.

<u>Guy Glaser</u> and <u>Timothy Berry</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  This collection review matter is before the
Court in response to a Notice of Determination Concerning
Collection Action(s) Under Section 6320 and/or 6330[1]

---

[1]All section references are the Internal Revenue Code, and
all Rule references are to the Tax Court Rules of Practice and
Procedure, unless otherwise indicated.

(determination notice) pertaining to a $28,250 penalty under section 6698 for failure to timely file a partnership return for 2004 and a $650 penalty under section 6721 for failure to file the return electronically for 2004. The sole issue for decision is whether respondent's determination to sustain the lien filing to collect the penalties assessed is an abuse of discretion.[2] We hold it is not.

## Background

This case was submitted fully stipulated pursuant to Rule 122, and the facts are so found. The stipulation of facts, the supplemental stipulation of facts, and the accompanying exhibits are incorporated by this reference. Petitioner maintained its headquarters in Ontario, California, at the time it filed the petition.

IRS Penalty Appeal

Respondent assessed the penalties against petitioner and issued a notice requesting petitioner to pay the penalties. Instead of paying, petitioner asked that the penalties be abated by respondent's Appeals Office (penalty appeal). Penalty Appeals Tax Specialist MaryAnn Woodbury (AO Woodbury) determined that

---

[2]Respondent filed a motion for summary judgment. We recharacterized respondent's motion as a motion for partial summary judgment and granted partial summary judgment to respondent that petitioner was foreclosed from challenging the underlying liability for the penalties. We left open whether filing the lien was appropriate to collect the penalties. It is that issue we decide today.

petitioner was not entitled to have the penalties abated.[3]  AO Woodbury explained she did not abate the penalties because petitioner had a history of failure to timely file penalties, the return was filed over 17 months late, and so much time elapsed between the events petitioner cited for causing the delay and the delayed filing.

The CDP Hearing

Respondent filed a Notice of Federal Tax Lien in San Bernardino County against petitioner with respect to the penalties.  Respondent also sent petitioner a notice informing petitioner of its collection due process rights.  Petitioner timely submitted a hearing request seeking abatement of the penalties.  Petitioner raised no other issue in the hearing request, nor did petitioner raise any collection alternatives in the hearing request, such as an installment agreement or an offer-in-compromise.

Settlement Officer Wendy J. Clinger (SO Clinger) sent petitioner a letter scheduling a date and time for the hearing. She stated in the letter that the purpose of the hearing would be limited to discussing the lien and that, pursuant to section 6330(c)(2)(B), she would not allow petitioner to challenge its

_____

[3]Petitioner filed a petition in this Court (Docket No. 26219-07) to contest AO Woodbury's determination not to abate the penalties.  That petition was untimely, and the case was dismissed for lack of jurisdiction.

liability for the underlying penalties because petitioner already had exercised an opportunity to do so during the penalty appeal. SO Clinger further stated that she would consider any non-frivolous issues petitioner wished to discuss including challenges to the appropriateness of the collection action and other defenses. She asked petitioner to provide her with all the information that it wished her to consider regarding the lien so she could properly consider collection alternatives.

Responding to SO Clinger, petitioner provided the same information and repeated the same arguments it had previously raised during the penalty appeal. Petitioner also claimed it had "not had the opportunity to dispute the appropriateness of the collection action." Petitioner did not raise any other arguments, including objections to the collection action or collection alternatives.

Petitioner chose not to participate in a face-to-face hearing with SO Clinger and declined the opportunity to discuss the matter by telephone. Petitioner instead requested that SO Clinger make her determination using documents it had previously submitted.[4] The documents submitted to SO Clinger only address

[4]Apparently petitioner now seeks to negotiate the penalties and has stated that it would like each party to concede 50 percent of the liability based on doubt as to liability. Petitioner is precluded from challenging its liability for the penalties pursuant to our order granting respondent's motion for partial summary judgment.

petitioner's liability for the penalties. They do not raise any relevant issues.

SO Clinger issued petitioner a determination notice sustaining the filing of the lien. She determined through account transcript analysis that the penalties were properly assessed and that petitioner was properly notified of the assessments and informed of its rights with respect to the lien action. SO Clinger also determined that petitioner had previously had the opportunity to challenge its liability for the penalties and was therefore precluded from challenging it again. She further determined that petitioner did not raise any relevant arguments, including defenses and collection alternatives.

Petitioner timely filed a petition in response to the determination notice. The only issue raised is whether petitioner is liable for the penalties.

## Discussion

We are asked to decide in this collection review matter whether respondent abused his discretion by proceeding with the lien action to collect the penalties from petitioner. Petitioner only wants to contest its liability for the penalties. We begin with general rules that apply to collection actions.

The Secretary is required to furnish the taxpayer with written notice that a lien has been filed. Sec. 6320. The taxpayer is entitled, upon request, to a hearing before the

Appeals Office.  Sec. 6320(b)(1).  If the taxpayer requests a hearing, he or she may raise at that hearing any relevant issues relating to the unpaid tax or the proposed collection action. Sec. 6330(c)(2).  Relevant issues include any appropriate defenses, challenges to the appropriateness of collection, and possible alternative means of collection such as an installment agreement or an offer-in-compromise.  Sec. 6330(c)(2)(A).

After the hearing, the Appeals officer is required to make a determination that addresses issues the taxpayer raised, verifies that all requirements of applicable law and administrative procedure have been met, and balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary. Sec. 6330(c)(3).  Petitioner may prove abuse of discretion by showing that respondent exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law.  See Giamelli v. Commissioner, 129 T.C. 107, 111 (2007).

The record reflects that SO Clinger properly verified that respondent followed the applicable law and administrative procedure.[5]  She reviewed respondent's account transcript and

_____

[5]Petitioner elected not to participate in a face-to-face or telephone hearing with SO Clinger and requested that she make her determination using documents it had submitted to her. Petitioner now argues in its briefs that its due process rights were violated when SO Clinger denied its request for a face-to-face hearing.  We find no abuse of discretion by SO Clinger in light of petitioner's waiver of the opportunity for a hearing in
                                                    (continued...)

concluded that petitioner received all notices and was accorded all rights to which it was entitled regarding the assessments. Additionally, petitioner did not raise any relevant issues for SO Clinger's consideration. Petitioner did not provide any collection alternatives, nor did it present any other defenses for SO Clinger's consideration. Finally, the record reflects that SO Clinger properly balanced the need for efficient collection of taxes with petitioner's legitimate concern that any collection be no more intrusive than necessary. We therefore conclude that SO Clinger did not abuse her discretion in sustaining the lien action to collect the penalties from petitioner.

We decline petitioner's invitation to review whether petitioner had reasonable cause to file the return almost 18 months after the due date. That question is not before the Court. We previously granted respondent's partial summary judgment on the question whether petitioner may challenge its liability for the penalties in this collection review matter.

We have considered all arguments made in reaching our decision, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

---

[5](...continued)
person or by telephone.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.